**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CYNTHIA R. MANSON,
        Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
        Agency.

DOCKET NUMBER
AT-0752-18-0511-I-1

DATE: March 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cynthia R. Manson</u>, Jonesboro, Georgia, pro se.

<u>Lauren Hoyson</u>, Des Plaines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review requesting to reopen her adverse action appeal, which was dismissed as untimely filed. For the reasons set forth below, we DENY her request to reopen her appeal, and we DISMISS the petition as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed by the agency as an airway transportation systems specialist. Initial Appeal File (IAF), Tab 1 at 7. On May 27, 2016, the agency issued a notice of removal, removing the appellant from Federal service, effective June 4, 2016. IAF, Tab 5 at 24-25. Two years later, on May 31, 2018, the appellant appealed her removal to the Board. IAF, Tab 1. Because the appeal appeared untimely on its face, the administrative judge issued an order on timeliness requiring the appellant to file evidence and argument showing that her appeal was timely filed or that good cause existed for the delay in filing. IAF, Tab 6. The appellant did not respond, and, on June 26, 2018, the administrative judge issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 7, Initial Decision (ID). The initial decision stated that, unless a petition for review was filed by July 31, 2018, the decision would become final on that date. ID at 4.

On August 15, 2018, the appellant filed a petition for review of the initial decision, stating that she was an e-Appeal filer and had been locked out of the e-Appeal system until August 1, 2018, and requesting that the Board reopen her appeal. Petition for Review (PFR) File, Tab 1 at 4. The agency responded regarding the request to reopen the appeal and the timeliness and underlying merits of the appellant's petition for review. PFR File, Tab 2 at 5-8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Valdez v. Office of Personnel Management*, 103 M.S.P.R. 88, ¶ 4 (2006). The Board generally does not reopen a case under its own regulations to cure the untimeliness of a petition for review. *Id.* Because we see no reason to depart from these rules, the appellant's petition will be treated as an untimely filed petition for review. *See id.*

A petition for review generally must be filed within 35 days after the date of issuance of an initial decision. 5 C.F.R. § 1201.114(e). Because the initial decision was issued on June 26, 2018, ID at 1, the appellant had until July 31, 2018, to file a timely petition for review, ID at 4. The petition for review was not filed until August 15, 2018, IAF, Tab 1, and is, therefore, untimely filed.

The Board will waive its filing deadline only upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Valdez*, 103 M.S.P.R. 88, ¶ 6. The Board will consider in making its due diligence determination the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id.*

The appellant argues that she was locked out of her e-Appeal account until August 1, 2018, and she has submitted an email, dated August 1, 2018, from the technical support at the Board acknowledging an issue with her e-Appeal account. PFR File, Tab 1 at 4, 6. However, the appellant did not file her petition for review until August 15, 2018. *Id.* at 1. Assuming that the appellant lacked access to the e-Appeal Online system, she still has not provided any explanation as to why she waited an additional 15 days to file her petition, nor has she provided any information regarding when she logged in to first discover that she was locked out of the e-Appeal Online system or when she first contacted the Board's technical support.

Moreover, after the filing of her petition for review, the Office of the Clerk of the Board issued an acknowledgment letter stating that the petition was untimely filed and providing the appellant with an opportunity to file a motion to

accept the filing as timely or to waive the time limit for good cause. PFR File, Tab 3 at 2. The appellant has not responded to the acknowledgment letter and has not filed any such motion. Accordingly, we find that the appellant has failed to present sufficient evidence demonstrating circumstances beyond her control that affected her ability to comply with the time limits or that she exercised the diligence or ordinary prudence that would excuse her late filing.

Accordingly, we deny the appellant's request to reopen her appeal, and we dismiss the petition for review as untimely filed.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.